IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAFAEL SEGOVIA, individually, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No._____ ) |
| FAMILY DOLLAR STORES OF TEXAS, INC., A domestic corporation, | ) ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff RAFAEL SEGOVIA ("SEGOVIA" or "Plaintiff") hereby sues Defendant FAMILY DOLLAR STORES OF TEXAS, INC., ("Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant FAMILY DOLLAR STORES OF TEXAS,

INC., failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is properly located in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

**PARTIES**

3. Plaintiff, RAFAEL SEGOVIA, is and has been at all times relevant to the instant matter, a natural person residing in Texas and is sui juris.

4. Plaintiff is an individual with disabilities as defined by the ADA.

5. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make areas that

the he frequents more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the subject property, including returning to the Family Dollar and the Subject Property as soon as it is accessible ("Advocacy Purposes").

8. Defendant, FAMILY DOLLAR STORES OF TEXAS, INC., is a domestic corporation registered to do business and, in fact, is conducting business in the State of Texas and within this judicial district.

## FACTUAL ALLEGATIONS

9. In April of 2020, Plaintiff attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron, to Family Dollar, a discount retail store located at 3323 West Northwest Highway, Dallas, Texas 75220.

10. FAMILY DOLLAR STORES OF TEXAS, INC., is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically Family Dollar and its attendant facilities, including vehicular parking and exterior paths of travel within the site identified by the Dallas County Property Appraiser's parcel identification number 005775000L02B0000. ("Subject Facility", "Subject Property").

11. Plaintiff lives within fifteen (15) miles of the Subject Facility.

12. Plaintiff has traveled in the area of the Subject Property on numerous occasions and is often in that area for Advocacy Purposes.

13. Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, FAMILY DOLLAR STORES OF TEXAS, INC., is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

14. Plaintiff has visited the Family Dollar and the Subject Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Family Dollar and the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular customer, to determine if and when Family Dollar and the Subject Property are made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

15. Plaintiff intends on revisiting the Family Dollar and the Subject Property to purchase goods and/or services as a regular customer as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers

to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

16. Plaintiff traveled to Family Dollar and the Subject Property as a customer and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Family Dollar and the Subject Property.

### COUNT I – CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

17. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18. Family Dollar and the Subject Property is a public accommodation and service establishment.

19. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

20. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer

employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

21. Family Dollar and the Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

22. Plaintiff has attempted to, and has to the extent possible, accessed the Family Dollar and the Subject Property in his capacity as a customer at Family Dollar and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Family Dollar and the Subject Property that preclude and/or limit his access to Family Dollar and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

23. Plaintiff intends to visit Family Dollar and the Subject Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Family Dollar but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Family Dollar that preclude and/or limit his access to Family Dollar and/or the goods, services, facilities,

privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

24. Defendant, FAMILY DOLLAR STORES OF TEXAS, INC., has discriminated against Plaintiff (and others with disabilities) by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Family Dollar and the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

25. Defendant, FAMILY DOLLAR STORES OF TEXAS, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, FAMILY DOLLAR STORES OF TEXAS, INC., is compelled to remove all physical barriers that exist at Family Dollar and the Subject Property, including those specifically set forth herein, and make Family Dollar and the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

26. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Family Dollar and the Subject Property and the full

and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Family Dollar include, but are not limited to:

### PARKING

a. The plaintiff could not utilize the parking facility without the fear and stress of being unable to re-enter his vehicle because of the likelihood of a vehicle being parked directly beside his vehicle because of the defendant's failure to maintain the paint (not clearly marking the location) of the access aisle and/or designated accessible space in violation of 28 CFR § 36.211, Section 4.6 of the 1991 ADAAG, and Section 502.3.3 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to exit and re-enter his vehicle while parked at the Subject Property.

b. The plaintiff could not safely utilize the parking facility because the designated accessible parking space and/or access aisle was not level in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to transfer from his vehicle to his wheelchair (and vice versa) using the designated accessible parking.

### EXTERIOR ACCESSIBLE ROUTES

c. The plaintiff had difficulty traversing the path of travel from the parking facility to the entrance as the designated accessible route has noncompliant cross slopes and/or unpermitted changes in level present. Violation: The path of travel contains excessive slopes in violation of Sections 4.3.7 and 4.3.8 of the 1991 ADAAG and Section 403.3 of the 2010 ADAAG. This violation made it dangerous and difficult to enter the Subject Facility.

d. The plaintiff could not safely traverse the path of travel from the parking facility to the public entrance due to excessive vertical transitions along said route. Violation: There are vertical transitions in the pavement within the accessible route to the public entrance which exceed ½ inch caused by the defendant's failure to maintain said pavement as it ages violating 28 CFR § 36.211, Section 4.3.8 of the 1991 ADAAG, and Section 406.2 of the 2010 ADAAG. This violation made it dangerous and difficult to enter the Subject Facility.

## ACCESS TO GOODS AND SERVICES

e. The plaintiff could not traverse the aisles within the store with the same access as Defendant's able-bodied customers due to noncompliant clear widths between aisles and turn arounds at the end of aisles caused by Defendant's personnel failure to remove merchandise and/or shopping carts positioned within the interior paths of travel. The interior accessible routes between the shopping floor interior aisles and the shopping floor perimeter aisles/refrigerated coolers are not maintained in such a way as to meet the minimum maneuverability clearance requirements for accessible routes in violation of 28 CFR § 36.211, Section 4.3.3 of the 1991 ADAAG and Section 403.5 of the 2010 ADAAG. These violations caused Plaintiff difficulty, embarrassment and humiliation.

## MAINTENANCE PRACTICES

f. Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to

shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the food, beverages, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused him loss of opportunity, anxiety, embarrassment and/or humiliation.

g. Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity, anxiety, humiliation and/or embarrassment.

h. Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendant prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity, anxiety, humiliation and/or embarrassment.

27. The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises

due to the architectural barriers encountered. A complete list of the Subject Property's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that the defendant does not intend to comply with the ADA.

28. Upon information and belief accessible elements at the Family Dollar and the Subject Property have been altered and/or constructed since 2010.

29. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

30. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

31. Each of the violations alleged herein is readily achievable to modify to bring the Family Dollar and the Subject Property into compliance with the ADA.

32. Removal of the physical barriers and dangerous conditions present at the Family Dollar and the Subject Property is readily achievable because of the site conditions at the subject property, the structural design of the Subject Facility, and the straightforward nature of the necessary modifications.

33. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small businesses and Section 190 of the IRS Code provides a tax deduction for all businesses, including the Defendant.

34. Removal of the physical barriers and dangerous conditions at the Family Dollar and the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

35. By continuing to operate the subject premises with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

36. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

37. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, FAMILY DOLLAR STORES OF TEXAS, INC., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Family Dollar and the Subject Property, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

38. Plaintiff's requested relief serves the public interest.

39. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant, FAMILY DOLLAR STORES OF TEXAS, INC. pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

40. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR § 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendant, FAMILY DOLLAR STORES OF TEXAS, INC., in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendant, FAMILY DOLLAR STORES OF TEXAS, INC., to (i) remove the physical barriers to access and (ii) alter the Family Dollar to make the Subject Property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. § 36.211, to fulfill its continuing duty to maintain its accessible features and equipment so

that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D. That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211.

E. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F. An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 27th day of SEPTEMBER, 2020.

Respectfully submitted,

By: _____
Christopher A. Wood, Esq.
*Counsel for Plaintiff*
Post Office Box 13557
Arlington, TX 76013
(972) 837-8557
cadamwoodesq@gmail.com
Northern District of Texas Bar No.: 1615509

**DEFENDANT TO BE SERVED:**

FAMILY DOLLAR STORES OF TEXAS, INC.
c/o THE PRENTICE HALL CORP. SYS.
800 Brazos Street
Suite 750
Austin, Texas 78701